UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANET GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-00393-AGF |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (ECF No. 10) of Defendant Experian

Information Solutions, Inc. ("Experian") to dismiss Plaintiff Janet Gibson's complaint for

failure to state a claim.  Plaintiff claims that Experian violated the Fair Credit Reporting

Act (FCRA), 15 U.S.C. § 1681e(b).  For the reasons set forth below, the Court will deny

the motion.

## BACKGROUND

Taken as true for the purpose of this motion, Plaintiff alleges the following facts.

Plaintiff filed for bankruptcy under Chapter 7 of Title 11 of the bankruptcy code on July

15, 2019.  ECF No. 1 at 2.  Plaintiff complied with the bankruptcy and was discharged on

October 9, 2019.  *Id.*  On December 18, 2019, Plaintiff obtained a credit report from

Experian to ensure it contained correct information with respect to her bankruptcy filings.

*Id.* at 3.  In spite of showing that Plaintiff's bankruptcy was discharged, Experian still

reported a debt from Missouri Payday Loans as past due.  *Id.*  Plaintiff believes that, as

this account was listed "in the Schedule F of Plaintiff's bankruptcy as a nonpriority unsecured claim," Experian should have known to report it as discharged or otherwise show a zero balance. *Id.* Further, two other dominant credit reporting agencies, Equifax and TransUnion, did not report the Missouri Payday Loans account. *Id.* Plaintiff alleges a variety of damages, including emotional and mental pain, stress and anxiety, and both being denied credit and denied more favorable rates of credit. *Id.* at 4.

Plaintiff filed suit on March 12, 2020, asserting a single claim under 15 U.S.C. § 1681n for willful violation of § 1681e(b), or in the alternative, under § 1681o for negligent violation of § 1681e(b).

Experian seeks dismissal of the complaint for failure to state a claim. Experian contends that Plaintiff has not pled sufficient facts to plausibly infer that Experian failed to follow reasonable procedures as required by § 1681e(b). Experian further contends that § 1681e(b) requires a plaintiff to alert a defendant of the discrepancy in her credit report and give the defendant time to investigate the report, and that Plaintiff did not provide such notice.

Plaintiff opposes the motion to dismiss and argues that she has pled sufficient facts that Experian failed to implement or follow reasonable procedures to ensure maximum accuracy of Experian's credit report regarding Plaintiff. ECF No. 12. Plaintiff further notes in her opposition brief a class action settlement in *White v. Experian Information Solutions, Inc.*, CV 05-1070 DOC (MLGx) (C.D. Cal. Complaint filed Nov. 2, 2005) ("*White* Settlement") in which Experian agreed to a set of reasonable procedures for

systematically correcting certain information pertaining to Chapter 7 bankruptcies.[1]
Plaintiff additionally rejects Experian's contention that § 1681e(b) requires notice from a
consumer before a complaint may be brought.  Additional briefs were submitted by both
parties, including recent supplemental authority provided by Plaintiff, reiterating and
reinforcing the existing arguments.

## DISCUSSION

To survive a motion to dismiss, a plaintiff's claims must contain sufficient factual
matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atl.
Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The reviewing court accepts the plaintiff's
factual allegations as true and draws all reasonable inferences in favor of the nonmoving
party.  *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).  But "[c]ourts are not bound to
accept as true a legal conclusion couched as a factual allegation, and factual allegations
must be enough to raise a right to relief above the speculative level."  *Id.*

The FCRA, 15 U.S.C. § 1681 et seq., establishes standards and requirements for
the behavior of consumer reporting agencies ("CRAs") such as Experian, and provides
civil remedies for willful noncompliance with the Act, § 1681n, and negligent
noncompliance with the Act, § 1681o.  Section 1681e(b) requires that "[w]henever a

---

[1]     Experian contends in its reply brief that inclusion of this settlement is an
"improper amending of the pleadings."  ECF. No. 15 at 1.  However, on a motion to
dismiss, the court may consider the pleadings themselves, materials embraced by the
pleadings, exhibits attached to the pleadings, and matters of public record."  *Humphrey v.
Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018) (citation
omitted).  The *White* settlement is as a matter of public record that may be considered by
the Court on this motion.

consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

To state a claim alleging violations of § 1681e(b), a plaintiff must show that "(1) his [or her] report was inaccurate in some way and (2) the inaccuracy was due to the CRA's failure to follow reasonable procedures." *Desautel v. Experian Info. Sols., LLC*, No. 19-CV-2836 PJS/LIB, 2020 WL 2215736, at *2 (D. Minn. May 7, 2020) (citing *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 415 (4th Cir. 2001)).  Experian only challenges the sufficiency of the complaint regarding the second element.

"The reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (citing *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)).  Nevertheless, "the Act does not render consumer reporting agencies strictly liable for inaccuracies in a report." *Hauser v. Equifax, Inc.*, 602 F.2d 811, 814 (8th Cir. 1979).  "There must be a showing that the inaccuracy resulted from the agency's failure to follow reasonable procedures to assure maximum possible accuracy." *Id.* at 814–15.

Federal courts have generally held that § 1681e(b) "does not hold a reporting agency responsible where an item of information, received from a source that it reasonably believes is reputable, turns out to be inaccurate unless the agency receives notice of systemic problems with its procedures." *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 972 (7th Cir. 2004); *see also Murphy v. Midland Credit Mgmt., Inc.*, 456 F.

4

Supp. 2d 1082, 1089 (E.D. Mo. 2006) (citing *Sarver*).  However, this notice may be

constructive; section 1681e(b) does not require a consumer to notify the CRA of an error.

*See Alsibai v. Experian Info. Sols., Inc*., No. 20-CV-0963 (ECT/DTS), 2020 WL

5652477, at *5 (D. Minn. Sept. 23, 2020) ("The provision of the FCRA at issue here,

§ 1681e, does not require a consumer to report inaccurate information to an agency

before filing a lawsuit.").[2]  For example, "[c]ourts have held CRAs must look beyond

information furnished to them when it is inconsistent with the CRAs' own records,

contains a facial inaccuracy, or comes from an unreliable source."  *Wright v. Experian

Info. Sols., Inc.*, 805 F.3d 1232, 1239 (10th Cir. 2015) (collecting cases).

Experian may well be correct that the inaccuracy here was an isolated incident

rather than the result of unreasonable procedures, but that question is better suited for

resolution at a later stage, on a more complete record.  At this early stage, the Court is

persuaded by multiple district court determinations that notice of a Chapter 7 bankruptcy,

as evidenced by a CRA's own reporting of such a bankruptcy, makes it plausible to allege

that continued reporting of a prior unsecured debt is unreasonable.  *See, e.g.*, *Alsibai*,

2020 WL 5652477, at *5 (holding that the plaintiff plausibly alleged the CRA acted

unreasonably under  § 1681e by alleging that the agency "had reason to know that its

reporting of the Citibank Account was inaccurate because it was also reporting his

bankruptcy as discharged and all his other bankruptcy debts as discharged") (cleaned up);

*Johnson v. Experian Info. Sols., Inc.*, No. 0:20-cv-00717-PJS-HB (D. Minn. July 13,

---

[2]      The FCRA contains other provisions governing situations when consumers notify
CRAs of an inaccuracy.  *See* 15 U.S.C. § 1681i.

5

2020) ("[T]here's a plausible claim that it's not reasonable for a CRA to follow procedures that assume that [debts related to a Chapter 7 bankruptcy] are not discharged unless the CRA gets information that they were.").[3]  Indeed, as one district court recently recognized when addressing a similar argument by Experian: "the *White* settlement makes clear [that] the CRAs knew that unsecured consumer debts . . . are typically discharged in Chapter 7 proceedings.  Moreover, the *White* settlement itself provides notice that not updating such accounts after a Chapter 7 bankruptcy may fail to comport with § 1681e(b)."  *Morris v. Experian Info. Sols., Inc*., No. 20-CV-0604 (PJS/HB), 2020 WL 4703900, at *3 (D. Minn. Aug. 13, 2020) (denying Experian's motion to dismiss).

Although the *White* settlement is not binding on this Court, it lends plausibility to Plaintiff's allegation that Experian was on notice of a systemic problem.[4]  Lending further plausibility to Plaintiff's allegation that Experian failed to follow reasonable procedures is the fact that neither of the other dominant CRAs reported the inaccuracy.  *See Gadomski v. Equifax Info. Servs., LLC*, No. 2:17-CV-00670-TLN-AC, 2020 WL 3841041, at *5 (E.D. Cal. July 8, 2020) ("Plaintiff's allegation that Experian and

---

[3]     Plaintiff submitted the hearing transcript from *Johnson*, in which the judge denied Experian's motion to dismiss from the bench.  ECF No. 27.

[4]     In its reply brief, Experian states that the reporting of the Missouri Payday Loans account here comported with the *White* settlement's "automatic scrubbing" requirement because the "account fell within one of the scrub's exceptions" under the settlement.  *See* ECF No. 15.  But the Court does not have enough information on the current record to fairly evaluate this argument.

TransUnion did not make the same error also leads to a reasonable inference that Defendant failed to follow reasonable procedures in Plaintiff's case.").

The contrary cases cited by Experian primarily address whether there was in fact an inaccuracy—which Experian does not dispute for the purpose of this motion—and are in any event  factually distinct.  *See, e.g.*, *Hupfauer v. Citibank, N.A.*, No. 16 C 475, 2016 WL 4506798, *6-7 (N.D. Ill. Aug. 19, 2016) ("Both the initial credit report and the investigation report note Plaintiff's Chapter 13 bankruptcy, accurately reflect the status of the Citi account prior to the bankruptcy discharge, and accurately reflect the fact that there was no payment due after the bankruptcy discharge.").  In short, the Court concludes that Plaintiff has plausibly alleged that Experian did not "follow reasonable procedures to assure maximum possible accuracy" under § 1681e(b).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **DENIED**. ECF No. 10.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of October, 2020.

7